Joshua Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Kevin Lemieux, Esq (SBN: 225886)
kevin@westcoastlitigation.com
**HYDE AND SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

[Other Attorneys of Record Listed on Signature Page]

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rene Sandoval, Individually and on behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**Clean Energy Experts, LLC, d.b.a. Solar Research Group,**<br><br>Defendants. | Case No.:  '17CV1300 LAB  JLB<br><br><u>**CLASS ACTION**</u><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Rene Sandoval (referred to individually as "Mr. Sandoval" or "Plaintiff"), brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Clean Energy Experts, LLC, d.b.a. Solar Research Group (referred to as "Defendants"), in

negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion

of privacy, regardless of the type of call […]." *Id*. At §§ 12-13.  *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions.  A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call.  An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

6. Jurisdiction is proper under 47 U.S.C §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012), because Plaintiff alleges violations of federal law.

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Plaintiff works in San Diego, CA, and the events giving rise to Plaintiff's causes of action against Defendants occurred in the State of California within the Southern District of California and Defendants conduct business in the area of San Diego, California.

**PARTIES**

8. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the County of San Diego, in the State of California.  Plaintiff owns real property in the County and City of San Diego, which was the subject of Defendants's automated call marketing home solar systems.

9. Plaintiff is informed and believes, and thereon alleges, that Clean Energy Experts, LLC is, and at all times mentioned herein was, a limited liability company registered in the state of California and headquartered in San Francisco, CA, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon alleges, that Clean Energy Experts, LLC is doing business as (d.b.a.) Solar Research Group.

11. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants conducted business in the State of California and in the County of San Diego, and within this judicial district.

# FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C § 153 (39).

13. Defendants are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. §153 (39).

14. Sometime prior to July 1, 2016, Mr. Sandoval was assigned, and became the owner of, a cellular telephone number from his wireless provider.

15. On or about May 31, 2017, Mr. Sandoval received a telephone call on his cellular telephone from Defendants, in which Defendants utilized an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

16. The call to Mr. Sandoval's cellular telephone number (San Diego area code (619) XXX-3868), from Defendants came from phone number: (619) 863-1652.

17. During this call from Defendants to Mr. Sandoval's cellular telephone, Plaintiff answered his phone and said "hello," but there was no one on the line until about 5 seconds later. Then Plaintiff heard someone ask if Mr. Sandoval was there.

18. The man introduced himself as Joel from Solar Research Group.

19. Joel asked Plaintiff questions in reference to solar energy to prequalify him as a candidate for solar panel installation. He then transferred the call to Kimberly from Solar America.

20. Plaintiff asked Kimberly if he was called using an auto-dialer, and she confirmed that Plaintiff was called from an auto-dialer.

21. Within a few minutes of Plaintiff terminating his call with Kimberly, he received five consecutive phone calls from various solar companies trying to sell him solar installation.

22. The first of these sales calls was "Tate from SunRun" who called from (619) 618-1816.

23. The second sales call was "Jessica from Good Earth Solar" who called from (951) 599-3566.

24. The third sales call was "Mike from RGS Solar" who called from (858) 375-1659.

25. The fourth sales call was "Krissy from RGS Solar" who also called from (858) 375-1659.

26. The fifth sales call was "Yolanda from Horizon Solar" who called from (619) 512-1532.

27. Plaintiff received another call from Defendants utilizing an ATDS on June 15, 2017. This call came from the same number as the May 31, 2017 call, (619) 863-1652, but this time the telemarketer was named "Jabari."

28. On June 22, 2017 Plaintiff received another call from Defendant utilizing an ATDS, calling from the (619) 863-1652 number. The caller's name was "Ryan."

29. On June 22, 2017 Plaintiff received another call from Defendant utilizing an ATDS, calling from the (619) 863-1652 number. The caller's name was "Ray."

30. The ATDS used by Defendants has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31. The ATDS used by Defendants also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.

32. The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

33. Plaintiff at no time provided "prior express consent" for Defendants to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

34. Plaintiff had not provided his cellular telephone number to Defendants. Plaintiff was not a customer of Defendants. Plaintiff had no "established business relationship" with Defendants, as defined by 47 U.S.C. § 227 (a)(2).

35. These telephone calls made by Defendants or their agents were in violation of 47 U.S.C. § 227(b)(1).

## STANDING

36. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:
    a. a valid injury in fact;

      b. which is traceable to the conduct of Defendants;

      c. and is likely to be redressed by a favorable judicial decision.

See, *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 6*, and *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560*.

37. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

  A. *The "Injury in Fact" Prong*

38. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

39. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists.  In the present case, Plaintiff was called on his cellular phone by Defendants, who utilized an ATDS and/or a pre-recorded voice.  Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff.  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are concrete and *de facto*.

40. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7*.  In the instant case, it was Plaintiff's phone that was called and it was plaintiff himself who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's phone call using an ATDS.  Finally, Plaintiff alone is responsible to pay the bill on his cellular phone.  All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

  B.   *The "Traceable to the Conduct of Defendants" Prong*

41. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that his injury is traceable to the conduct of Defendants(s).

42. In the instant case, this prong is met simply by the fact that the calls to plaintiff's cellular phone were placed either, by Defendants directly, or by Defendants' agent at the direction of Defendants.

### C. *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

43. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

44. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

45. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

46. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),* Plaintiff has standing to sue Defendants on the stated claims.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

48. Plaintiff represents, and is a member of, the Class, consisting of:
    a. All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one call using an ATDS and/or an artificial prerecorded voice from Defendants Clean Energy Experts, LLC d.b.a Solar Research Group, between the date of filing this action and the four years preceding, where such calls were placed for the purpose of marketing home solar systems, to non-customers of Defendants Clean Energy Experts, LLC d.b.a. Solar Research Group, at the time of the calls.
49. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.
50. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendants or their agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.
51. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

52. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records and/or Defendants' agent's records.

53. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether, within the four years prior to the filing of the Complaint, Defendants made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    ii. Whether Defendants called non-customers of Defendants for marketing purposes;

    iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

    iv. Whether Defendants should be enjoined from engaging in such conduct in the future.

54. As a person that received calls from Defendants in which Defendants used an ATDS or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

55. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In

addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

56. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

58. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION:**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

61. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION:
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

65. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

66. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

67. Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

68. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

69. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

70. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION
OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

71. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

72. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

73. Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

74. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: June 23, 2017                    **HYDE & SWIGART**

                                       By: s/Kevin Lemieux
                                           Kevin Lemieux
                                           Attorneys for Plaintiff



Below:
**Other Attorneys of Record, besides caption page:**

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523